## RAKAR ET UX. *v.* CLAPPER

[No. 29, October Term, 1953.]

266

*Decided December 2, 1953.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Michael Paul Yuhasz* for the appellants.

*Carl F. Gottschalk* for the appellee.

HAMMOND, J., delivered the opinion of the Court.

In 1945, the appellee gave birth out of wedlock to a daughter, whom she named Mary Ann. Being unable to care for the infant, she enlisted the help of the Associated Aid Societies of Harrisburg, where she lived, and they, in April, 1946, gave Mary Ann to Mr. and Mrs. Steve J. Rakar, the appellants, to be cared for. Soon afterwards the Rakars moved to a farm in Maryland and the Aid Societies relinquished all jurisdiction. The mother then confirmed the arrangement for the care of the child and spent some time on the farm with the Rakars and her daughter. The appellants stayed in Maryland for a few months and then returned to Harrisburg, where the mother visited the child periodically. In 1952, they came to Baltimore County and have since lived there in a trailer. The appellee filed a petition in the Circuit Court for Baltimore County, alleging that Mary Ann had been taken from Harrisburg by the Rakars without permission or authority, that she had never relinquished permanent custody of the child, that she is ready, willing and able to give her daughter the love and affection of a mother, as well as material care, and asking that an order be passed returning the child to her. An answer was filed in which the Rakars said that they had loved and cared for Mary Ann as their own, that they had given her the best of care and training, that it would be seriously detrimental to the child's health, development and well-being to take her from them and asked that "full and absolute care and custody" be awarded them.

After a hearing and consideration of extensive testimony, the Court passed an order dated October 14, 1952, in which it decreed that custody be retained by the appellants, that the residence of Mary Ann should not be changed without the written consent of the Court, that

an investigation of all the parties be made by the Probation Department, the results to be reported to the Court, and finally: "That the said petitioner has the right to visit said Mary Ann at reasonable times." The Court retained jurisdiction in the matter. No appeal was taken from this order.

Six months later the mother, without the knowledge of her solicitor and with no notice to the Rakars or their solicitor, asked the Probation Department for permission to take Mary Ann to Harrisburg over the Easter holidays. An officer of the Probation Department prepared and had signed by a Judge who had not participated in the case before, an order dated April 2, 1953, which provided: "THAT Steve J. Rakar and Muriel Rakar, his wife, deliver the child, Mary Ann Clapper, an infant, to her mother, Miss Julie Clapper, upon her arrival at their home. The child is to be returned to the Rakar home on Tuesday morning, April 7th, 1953." The mother took the order to the Rakar home, accompanied by two policemen who had been sent with her by the Probation Department because of friction which apparently had developed between the appellants and the appellee over previous visits and requests for temporary custody. The order was enforced only by reason of the presence of the policemen and at their insistence, over strenuous objection.

The child was taken to Harrisburg by the mother, and as required by the order, was returned on April 7, 1953 to the Rakars, where she has since remained. The investigation which was to be made by the Probation Department apparently has not been undertaken, and certainly has not been completed. There has been no further action in the case other than the appeal to this Court from the order of April 2, 1953.

The appellee has moved to dismiss the appeal on the ground that the order of April 2, 1953 was in the nature of an interlocutory order and "not a final order as it did not settle the rights of the parties hereto". We deem it unnecessary to pass on this contention since it is clear

that the appeal must be dismissed on the ground that the order which was appealed, was moot, the child having been returned to the appellants to whom its custody was awarded by the order of October 14, 1952. In the present state of the record, there is nothing which this Court could do which would give life or death to the original order, or prevent or rectify what has already occurred. This being so, an appeal will not be entertained. *Montgomery County v. Maryland-Washington Metropolitan Dist.*, 200 Md. 525, 92 A. 2d 350, and cases therein cited.

The dismissal of the appeal should not be taken as indicating that we approve of what was done. Action affecting substantial rights, either tentatively or finally, should not be taken by a Court without notice, unless a pressing emergency makes this impracticable. The maxim *audi alteram partem,* in essence meaning "the law hears before it decides", is a most salutary one and fairness and propriety in the judicial process require that it be applied by the giving of reasonable notice of contemplated action and an opportunity to be heard before the Court acts.

There was no emergency here which made it imperative that the Court act without notice. Substantial rights of the parties were affected by the order which was passed. It permitted the child to be taken from the State for some five days, and presented as it was, out of the blue, by the men in blue, it not unreasonably foreshadowed to the minds of the appellants and the child future similar orders or a complete change of custody.

We think the appellants should have been notified before passage of the order complained of.

*Appeal dismissed, appellants to pay costs.*